In 2011, the plaintiff pleaded guilty to three counts of forcible rape of a child and one count of indecent assault and battery on a child under fourteen. The victims were his nine year old son and eleven year old daughter. After a Superior Court judge affirmed a final decision by the Sex Offender Registry Board (SORB) requiring the plaintiff to register as a Level 3 sex offender, the plaintiff filed the current appeal. We affirm.
It is unnecessary to restate here the details of the startling facts underlying the plaintiff's convictions. For present purposes, suffice it to say that on multiple occasions, the plaintiff forcibly raped his young children in about every possible way, and also compelled them to have sex with each other. The plaintiff also had an extensive criminal history involving nonsexual offenses, including convictions for various crimes of violence and six convictions of violating a protective order.
In arguing that he presented only a low to moderate risk of reoffending, the plaintiff relied primarily on the report and testimony of psychologist Laurie Guidry, Ph.D. "The opinion of a witness testifying on behalf of a sex offender need not be accepted by the hearing examiner even where the board does not present any contrary expert testimony" (quotation omitted). Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 112 (2014). The hearing examiner discounted Dr. Guidry's opinion for various stated reasons, including, for example, that the plaintiff's commitment to sex offender treatment had not been demonstrated. Such reasoning was sound and well-supported by the record. Moreover, additional reasons to discount her opinion are manifest on the record. For example, the nature of the underlying sex offenses itself poses an obvious basis for skepticism about Dr. Guidry's conclusion (based apparently on self-reporting) that the plaintiff lacked deviant sexual interests. Finally, Dr. Guidry's risk assessment itself was highly qualified, dependent as it was on the plaintiff's continued participation in sex offender treatment that she acknowledged faced various "barriers" to success.
The plaintiff has not shown that the hearing examiner misapplied any of the mandatory factors that must be considered. See Doe, Sex Offender Registry Bd. No. 68549, 470 Mass. at 109-110 ("A hearing examiner has discretion ... to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor and ... a reviewing court is required to 'give due weight to [the examiner's] experience, technical competence, and specialized knowledge.' G. L. c. 30A, § 14 (7)." Nor has the plaintiff shown that the hearing examiner's decision was unsupported by clear and convincing evidence. See Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 314 (2015).
Discerning no error, we affirm the judgment affirming SORB's classification decision.
So ordered.
Affirmed.